POIRIER v. CLEMENTSON et al.

(Circuit Court, D. Minnesota, Fifth Division. November 20, 1895.)

PATENTS—INFRINGEMENT—PACK STRAPS.

The Poirier patent, No. 268,932, for an improved pack strap, construed as limited to the particular combination shown, and *held* not infringed.

This was a suit in equity by Camille Poirier against Gabriel Clementson, Jr., Tobias Clementson, and Martin Clementson, for alleged infringement of a patent for an improvement in pack straps.

Towne & Davis, for complainant.

Wm. R. Spencer, for defendants.

NELSON, District Judge. This is a suit brought by Camille Poirier for alleged infringement of his patent, No 268,932, dated De-

cember 12, 1882, for a new and improved pack strap. The validity of the patent is not disputed, and the sole defense is noninfringement. There are four claims in the patent, which are as follows:

"(1) The combination with the bag, A, of the shoulder straps, F, and the head strap, E, substantially as herein shown and described, and for the purpose set forth. (2) The combination with the bag, A, of the straps, F, and the sliding pads, K, substantially as herein shown and described, and for the purpose set forth. (3) The combination with the bag, A, of the straps, F, the sliding pads, K, the sliding straps, I; and the buckle, J, substantially as herein shown and described, and for the purpose set forth. (4) The bag, A, provided with the flap, B, the straps, F, and the strap, M, on the back of the bag, substantially as herein shown and described, and for the purpose set forth."

The pack strap made and sold by defendants consists of a bag with a flap similar to complainant's, but it has no head strap, nor strap, M (which is stated to be for holding an umbrella or sunshade). Therefore the first and fourth combinations are not infringed, and the real question is whether the shoulder straps and the method of attachment used by defendants are infringements of complainant's second claim; for, if the second claim is not infringed, neither is the third. Complainant's specification as to the use of the shoulder straps, F, is as follows:

"Two shoulder straps, F, have their upper ends secured to a piece of leather, G, on the bag, A, and the lower ends of said straps can be secured to the bag by means of buckles, H, fastened to the lower corners of the bag, on the surface that is to rest against the back."

Neither the sliding pads, K, straps, I, nor buckle, J, as described in the patent, are shown in the Exhibit A of complainant, nor are any of them contained in defendants' pack strap, as shown in the Exhibit B of complainant, which purports to be a pack strap manufactured and sold by the defendants. In defendants' pack strap no portion of the weight is borne by a head strap, but it is held on the shoulders by crossed shoulder straps, and by two encircling straps, which go round the pack and connect with a ring running between the shoulder straps, by means of a snap catch. The contention of complainant is that defendants' pack differs from his only in the fact that the attachment of the straps to the pack is at a point somewhat lower than in the patented device, though there is no place designated in his patent as to where this point of attachment should be. Defendants, on the other hand, insist that the method of attachment is different, and that the load is sustained in a different position from that set forth in the patent. In determining this matter, we must look to the patent, and the subject-matter thereof. It is merely a combination of old devices to produce a new and useful result. No patent could be maintained upon a bag with flaps, nor upon the method of carrying a pack by means of shoulder straps, and it is only the particular mode of arranging the shoulder straps in combination with other devices, so as to constitute a new and useful improvement over the old plan, that gives vitality to the patent. Complainant cannot by his patent cover all methods of carrying a pack by means of shoulder straps, but it is the particular method which he employs, in combination with

other appliances or their mechanical equivalents, to which he has the exclusive right. He must be held to a fair construction of the combinations set forth by him, and, in view of the patent and the exhibits offered, I do not think that the crossed shoulder straps used by defendants, with their method of attachment and support, constitute an infringement of the second or third claims of the patent. The first and fourth claims, obviously, are not infringed. A decree will be entered dismissing the bill of complaint.